Filed 3/10/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| LONGEN TAN,<br><br>       Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>       Respondent;<br><br>THE PEOPLE,<br><br>       Real Party in Interest. | A163715<br><br>(San Mateo County<br>Super. Ct. No. 19-NM-007168-A) |

Longen Tan was charged with misdemeanor driving under the influence. Effective January 1, 2021, the Legislature enacted a new law, Penal Code[1] section 1001.95, making defendants charged with misdemeanors generally eligible for diversion at the discretion of the trial judge. The law expressly exempts several offenses from eligibility for diversion, but driving under the influence is not one of them. An older law, however, Vehicle Code section 23640, provides that those charged with driving under the influence (DUI) are categorically ineligible for diversion.

Tan filed a petition for misdemeanor diversion under section 1001.95, arguing that section 1001.95 superseded Vehicle Code section 23640 with

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

respect to misdemeanor DUIs. After his petition was denied in the trial court, Tan filed a petition for writ of mandate in this court, asking us to direct the trial court to vacate its order denying his petition for diversion and grant it instead.[2] When he filed his petition, no Court of Appeal had decided the issue presented and there was a split of authority between two published superior court appellate division opinions as to the availability of diversion in cases of misdemeanor DUI. After the matter was fully briefed, Division Three of the Fourth Appellate District issued its opinion in *Grassi v. Superior Court* (2021) 73 Cal.App.5th 283 (*Grassi*), concluding that section 1001.95 and Vehicle Code section 23640 can be harmonized, and that misdemeanor diversion is unavailable to defendants charged with DUI. Although we, like the *Grassi* court, believe it is a difficult and close question, we similarly hold the two statutes can be reconciled and that misdemeanor convictions for DUI are not eligible for statutory diversion. Accordingly, we deny the petition.

## I. FACTUAL BACKGROUND

On May 28, 2019, the San Mateo County District Attorney charged Tan with two misdemeanor violations of Vehicle Code section 23152. (Veh. Code, § 23152, subds. (a) & (b); counts 1 & 2.)

---

[2] Tan also asserts that the San Mateo County Superior Court instituted a court-wide policy prohibiting trial judges from granting diversion in misdemeanor DUI cases. Tan argues the trial court did not follow proper procedures, violated his due process and equal protection rights, and asks us to prohibit the trial court from enforcing its policy of categorically denying diversion to defendants charged with misdemeanor DUI. As we explain below, we need not consider these arguments because we conclude diversion is unavailable in misdemeanor DUI cases.

On April 19, 2021, Tan filed a petition requesting court-initiated misdemeanor diversion under sections 1001.95 and 1001.97.[3] At the hearing on Tan's petition, the trial court heard argument from both sides, then stated its tentative ruling that "DUIs are not currently exempt from [section] 1001.95" and that "Mr. Tan present[ed], . . . if not a quintessential, a representative case in which such diversion may be warranted." The court took the matter under submission.

The trial court subsequently issued a written ruling, stating it had considered the briefing, attachments and arguments of both parties, and independently researched the legislative history of section 1001.95 and Assembly Bill No. 3234 (2019–2020 Reg. Sess.) (Assembly Bill 3234). The trial court concluded that the legislative history leading to the passage of Assembly Bill 3234 indicated the Legislature intended for misdemeanor DUI offenses to be eligible for diversion, and the trial court found Tan suitable for diversion. Nonetheless, the trial court denied the motion, citing a determination by the judges of San Mateo County Superior Court not to offer diversion in any prosecution for a misdemeanor DUI. Tan filed a petition for writ of mandate and prohibition in the superior court appellate division, which was summarily denied.

---

[3] Section 1001.97 provides that upon successful completion of diversion, the defendant's arrest "shall be deemed to have never occurred," the defendant "may indicate in response to any question concerning their prior criminal record that they were not arrested," and a record pertaining to an arrest resulting in successful completion of diversion "shall not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate." (§ 1001.97, subd. (a).)

3

Tan subsequently filed a petition for writ of mandate and prohibition in this court.[4]

## II.  DISCUSSION

Tan contends section 1001.95 and Vehicle Code section 23640 "inherently conflict" because section 1001.95 permits misdemeanor diversion except for offenses specifically excluded under the statute, while Vehicle Code section 23640 prohibits diversion for DUIs.  He asserts a "reading of the plain language of [section 1001.95] . . . leads one to understand that DUIs are in fact eligible [for misdemeanor diversion] because they are not specifically excluded" and the "only reason the statute is ambiguous is because of Vehicle Code section 23640."  To resolve this conflict, Tan argues, we must look to the legislative history of section 1001.95, which "is sufficiently clear" and shows "that the Legislature intended that DUI defendants be eligible for diversion."  As we discuss below, we find the Legislature's intent with respect to the potential conflict between these statutes anything but clear.  After a careful examination of the statutory language, the legislative history, the canons of statutory construction, and related case law, we conclude diversion is not available to Tan under the legislation as currently enacted.[5]

---

[4] We issued an order to show cause.  The parties elected to rely on their informal opposition and reply briefs as their return and traverse, respectively.

[5] Tan was charged with misdemeanor DUI before section 1001.95 became effective.  Neither party addresses whether section 1001.95 applies retroactively.  Like the *Grassi* court, we conclude that because section 1001.95 provides a potential ameliorative benefit to criminal defendants with nonfinal cases, it applies retroactively.  (*Grassi, supra,* 73 Cal.App.5th at p. 289; *People v. Esquivel* (2021) 11 Cal.5th 671, 675; *People v. Frahs* (2020) 9 Cal.5th 618, 631–632; *In re Estrada* (1965) 63 Cal.2d 740, 744–745.)

4

## A. Legal Standards

Whether defendants charged with misdemeanor DUI are eligible for diversion raises a question of statutory interpretation for our independent review. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141; *People v. Tran* (2015) 61 Cal.4th 1160, 1166.) " ' " 'As in any case involving statutory interpretation, our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.' " ' [Citation.] '[W]e consider the language of the entire scheme and related statutes, harmonizing the terms when possible.' " (*Gonzalez*, at p. 1141; *People v. Valencia* (2017) 3 Cal.5th 347, 357 [" '[t]he words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible' "].) If the language of the statute is clear and unambiguous, there is no need for judicial construction and our task is at an end. If the language is reasonably susceptible of more than one meaning, however, we may examine extrinsic aids such as the apparent purpose of the statute, the legislative history, the canons of statutory construction, and public policy. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*); *People v. Arias* (2008) 45 Cal.4th 169, 177.)

## B. Statutory Language

Generally, the most reliable indicator of legislative intent is the words of the statute. (*Even Zohar*, *supra*, 61 Cal.4th at pp. 837–838.) Accordingly, we turn first to the plain language of the statutes at issue.

Section 1001.95 provides, in relevant part: "A judge in the superior court in which a misdemeanor is being prosecuted may, at the judge's

5

discretion, and over the objection of a prosecuting attorney, offer diversion to a defendant pursuant to these provisions." (§ 1001.95, subd. (a).) Subdivision (e) further provides that "A defendant may not be offered diversion pursuant to this section for any of the following current charged offenses," and includes any offense for which a person, if convicted, would have to register under section 290 (sex offender registration); violation of section 273.5 (inflicting corporal injury on domestic violence victim); violation of section 243, subdivision (e) (battery on a domestic violence victim); and violation of section 646.9 (stalking). (§ 1001.95, subd. (e).) Under the plain words of the statute, judges have discretion to offer diversion for misdemeanor offenses over the objection of a prosecuting attorney unless the offense is one of the specifically excluded categories listed in subdivision (e).

Vehicle Code section 23640, subdivision (a) provides: "In any case in which a person is charged with a violation of [Vehicle Code] Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs . . . ." As our courts have concluded, the clear import of this language is that diversion is categorically unavailable to DUI defendants. (*Grassi*, *supra*, 73 Cal.App.5th at p. 291; *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439, 443 (*Tellez*).)

Read separately, the statutes appear to conflict. On the one hand, defendants like Tan who have been charged with a misdemeanor DUI appear to qualify for judicial diversion under section 1001.95 because DUIs are not expressly excluded from the statute. On the other hand, it appears Tan does

6

not qualify for diversion under Vehicle Code section 23640 because that statute prohibits diversion for all DUIs.

## C. *Harmonization*

Our Supreme Court has instructed that where statutes possibly conflict, "two principles of statutory construction are especially relevant. First, ' "[a] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions." ' " (*Even Zohar*, *supra*, 61 Cal.4th at p. 838.) " 'Thus, when " 'two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." ' " ' " (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955 (*State Dept. of Public Health*); *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 634 (*Lopez*).)

"Second, all ' " ' "presumptions are against a repeal by implication" ' " ' [citation], including partial repeals that occur when one statute implicitly limits another statute's scope of operation [citation]. Thus, ' " 'we will find an implied repeal "only when there is no rational basis for harmonizing . . . two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " ' " (*Even Zohar*, *supra*, 61 Cal.4th at p. 838; *Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 13, 18 ["Absent an express declaration of legislative intent . . . we presume that a statute was not impliedly repealed by a subsequent statute unless there is no rational way to harmonize the two potentially conflicting statutes."]; *Newark Unified School Dist. v. Superior*

*Court* (2015) 245 Cal.App.4th 887, 907–908 [by harmonizing statutes court is able to " ' "maintain the integrity of both statutes," ' thereby honoring the presumed intent of the Legislature"].)

Here, the statutes are not irreconcilable. Nothing in the language of section 1001.95 suggests that it intended to overrule the prohibition on diversion in DUI cases contained in Vehicle Code section 23640. When the Legislature enacted section 1001.95, section 23640 and its predecessor, Vehicle Code former section 23202, had been in operation for almost 40 years. (*Moore v. Superior Court* (2020) 58 Cal.App.5th 561, 570 & fn. 5 (*Moore*).) We presume the Legislature is aware of all existing laws when it enacts a statute and intends to enact a consistent body of rules. (*People v. Frahs*, *supra*, 9 Cal.5th at p. 634; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199.) Yet section 1001.95 does not make specific reference to Vehicle Code section 23640, nor does it include any other language indicating an intent to establish an exception to section 23640's unambiguous prohibition of diversion in all DUI cases.

"When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406; see § 1001.80, subd. (*l*), added by Stats. 2017, ch. 179, § 1 [amending military diversion statute to clarify that DUI cases are eligible for diversion by adding language "Notwithstanding any other law, including Section 23640 of the Vehicle Code"].) The absence of such language in section 1001.95 suggests the Legislature did not intend to abrogate existing law excluding DUI cases from eligibility for diversion.

Nor is it clear, as Tan argues, that DUIs are eligible for diversion under the plain language of section 1001.95 because they are not listed among the

excluded offenses (sex offender cases, domestic violence, and stalking) in subdivision (e). First, nothing in the language of subdivision (e) indicates that the list of offenses is exclusive. Rather, the language simply states a court may not grant diversion in four specific situations.

Second, this "theory would lead to the remarkable conclusion that the Legislature creates exceptions to a specific code section merely by failing to mention it." (*People v. Siko* (1988) 45 Cal.3d 820, 824 [petitioner's reliance on legislative silence to argue recently enacted § 667.6, subd. (c) overruled § 654's proscription on multiple punishment for single act or omission was "untenable"].) Here, the "normal rules of statutory construction . . . dictate a contrary presumption: [Vehicle Code section 23640], like any other statute, is presumed to govern every case to which it applies by its terms—unless some other statute creates an express exception." (*Siko*, at p. 824.) Had the Legislature intended to partially override Vehicle Code section 23640's application to DUI cases and create an exception to allow diversion in misdemeanor cases, it could have said so expressly in the language of section 1001.95.

Moreover, harmonization is possible here because reconciling section 1001.95 and Vehicle Code section 23640 does not require us to rewrite the statutes, or strike a compromise the Legislature itself did not reach. (*Grassi, supra,* 73 Cal.App.5th at p. 308; cf. *State Dept. of Public Health, supra,* 60 Cal.4th at pp. 956–958 [statute requiring disclosure of redacted information conflicted with statute prohibiting disclosure of same information and harmonization would result in disclosure scheme inconsistent with requirements of either statute]; *Lopez, supra,* 5 Cal.5th at pp. 637–638 [statutes could not have concurrent operation because two different statutes of limitations could not govern the same claim].) As we have explained,

9

nothing in section 1001.95 indicates an affirmative intent to allow misdemeanor diversion for DUIs and Vehicle Code section 23640 clearly prohibits it. Reading section 1001.95's general grant of authority to permit misdemeanor diversion, together with section 23640's specific prohibition of diversion for DUI offenses, allows us to respect the expressed legislative intent to prohibit diversion for DUIs, while not inferring a legislative intent to allow such diversion based on silence in section 1001.95. (See, e.g., *In re Christian S.* (1994) 7 Cal.4th 768, 782 ["We are not persuaded the Legislature would have silently, or at best obscurely, decided so important . . . a public policy matter and created a significant departure from the existing law."].)

### D. *Legislative History*

Tan argues the legislative history of section 1001.95 makes clear the Legislature's intent that misdemeanor DUI offenses be eligible for diversion and contends legislative history must prevail over the canons of statutory construction when that history provides clues to legislative intent. But we find no such clarity in the very limited legislative history available to us. (See *Grassi, supra,* 73 Cal.App.5th at pp. 301–303 [describing in detail the "scant evidence" of legislative history concerning § 1001.95].)

Tan first argues Assembly Bill 3234 was modeled on the Los Angeles County Deferral of Sentencing Pilot Program (LA Pilot Program) that previously operated under section 1001.94 et seq. between January 1, 2015 and December 31, 2017. Unlike section 1001.95, the LA Pilot Program specifically stated that DUIs were exempt from misdemeanor diversion. (See former § 1001.98, subd. (h)(3).) Tan also observes that existing general misdemeanor diversion statutes expressly exclude DUIs. (§§ 1001–1001.9, 1001.2, subd. (a), 1001.50 et seq., 1001.51, subds. (b),(c)(6).) Tan contends "in enacting [Assembly Bill] 3234, the authors of the legislation deliberately and

10

intentionally shortened the list of disqualifying misdemeanor offenses that were ineligible under the Pilot Program and the existing general misdemeanor diversion schemes," and "eliminated any language rendering DUI defendants ineligible for diversion under the new section 1001.95 diversion statute."

As an initial matter, we observe that Tan's argument that Assembly Bill 3234 is modeled on the LA Pilot Program is based on a statement in opposition to the bill by the California District Attorneys Association. (Assem. Floor Analysis, 3d reading analysis of Assem. Bill 3234, as amended Aug. 24, 2020, p. 5.) We find that statement in opposition to the bill particularly unhelpful in deciphering legislative intent. First, the statement is not competent evidence of the *Legislature's* collective intent. (See, e.g., *American Financial Services Assn. v. City of Oakland* (2005) 34 Cal.4th 1239, 1264 ["restatement of an argument made by certain industry groups does not purport to reflect debate within the Legislature"]; *Purifoy v. Howell* (2010) 183 Cal.App.4th 166, 179, fn. 14 [disregarding statement from bill's " 'ARGUMENTS IN OPPOSITION' " section of committee analysis by an opponent of the bill where the opponent represented an outside agency].) Second, the statement does not say anything one way or the other about whether DUIs are excluded under the proposed legislation, but observes only that DUIs were excluded under the LA Pilot Program. (Assem. Floor Analysis, 3d reading analysis of Assem. Bill 3234, as amended Aug. 24, 2020, p. 5 [recognizing that the " 'pilot program applied generally to first time offenders and included multiple exclusions—including . . . DUIs . . .' "].) Third, the failure of section 1001.95 to expressly exclude DUIs unlike these other diversion programs "does not demonstrate an unambiguous intent to allow diversion in misdemeanor DUI cases," as the Legislature "could have

11

simply realized excluding DUIs was redundant in light of [Vehicle Code] section 23640." (*Grassi, supra*, 73 Cal.App.5th at pp. 304–305.)

Tan also points to similar statements in both the Assembly and Senate floor analyses that, "Unlike existing general misdemeanor diversion, this bill would have no statutory requirements for the defendant to satisfy in order to be eligible *nor would any misdemeanors be statutorily excluded.*" (Assem. Floor Analysis, 3d reading analysis of Assem. Bill 3234, as amended Aug. 24, 2020, p. 3, italics added; Sen. Rules Com., Off. of Sen. Floor Analysis, 3d reading analysis of Assem. Bill 3234, as amended Aug. 24, 2020, p. 1 ["Unlike existing general misdemeanor diversion, this bill has no statutory requirements for the defendant to satisfy in order to be eligible nor would any misdemeanors be statutorily excluded."].)  Tan contends these statements "are not the type the [L]egislature would make if the Legislature simply intended that DUIs be excluded from diversion under Vehicle Code section 23640," but he does not explain his argument.  It is true that both floor analyses indicate no "misdemeanors [would] be statutorily excluded," but as Tan concedes in a footnote, the version of Assembly Bill 3234 that was signed into law included statutory exclusions.  Tan's argument that the "original intent was to have no statutory exclusions," is obviated by the Legislature's amendment of the legislation to exclude certain offenses.  (See *Grassi, supra*, 73 Cal.App.5th at p. 304 [Legislature clearly abandoned any intention that no misdemeanors would be excluded from § 1001.95 when it amended statute to add subd. (e) exclusions].)

Tan also relies on transcripts from the legislative hearings on Assembly Bill 3234.  On August 24, 2020, Assemblymember Jim Cooper stated during floor debate that "DUI with injury" was eligible for diversion under the

statute.[6] No legislator responded to that assertion, and the bill passed the Assembly by a vote of 41 to 22. Similarly, Tan notes that, on August 31, 2020, in a Senate floor debate, Senator Melissa Melendez stated that DUIs would be eligible for diversion under the new law. No one responded to the statement, and the bill passed in the Senate, 27 to 10. Tan emphasizes that at no point did any legislator respond to these concerns by pointing out DUIs would be unavailable for diversion based on Vehicle Code section 23640.

We are not persuaded. First, generally we cannot rely on statements from individual legislators as reflections of the Legislature's collective intent. (See, e.g., *Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 572, fn. 5 [" 'such materials are generally not evidence of the Legislature's *collective intent*' "]; *Advocate Health Care Network v. Stapleton* (2017) 581 U.S. ___, ___ [137 S.Ct. 1652, 1661] [floor statements by individual lawmakers are " 'the sort of stuff we have called 'among the least illuminating forms of legislative history' "]; *Mt. Hawley Ins. Co. v. Lopez* (2013) 215 Cal.App.4th 1385, 1401 [testimony or argument to a house of the Legislature or one of its committees is relevant "but '[m]aterial showing the motive or understanding of an individual legislator . . . is generally not considered' "].) Second, even assuming the brief statements made by two individual legislators during the floor debates can be relied on as evidence of the intent of the Legislature as a whole, a different inference is equally plausible: that the Legislature, by not expressly stating DUI offenders would be eligible for misdemeanor diversion, or not amending Vehicle Code section 23640, intended that diversion would

_____

[6] Statements from the floor debates discussed herein are taken from copies of certified transcripts of the August 24, 2020 Assembly floor debate and August 31, 2020 Senate floor debate separately filed as exhibits to Tan's petition.

13

not be allowed in such cases. (See *People v. Superior Court (Espeso)* 67 Cal.App.5th Supp. 1, 7.) In any event, as we discuss further below, even considered in context the comments do not amount to persuasive evidence the legislative body as a whole intended to abrogate section 23640.

## E. Other Canons of Construction

Tan argues that we need not consider the canons of statutory construction that later enactments supersede earlier ones and that more specific provisions take precedence over more general ones because the legislative history prevails over the canons of construction when it gives clues to legislative intent as it does here.[7] Respondent, on the other hand, contends that Vehicle Code section 23640 is the more specific statute and controls over section 1001.95. But we need not resolve these arguments because those rules of statutory construction apply only when harmonization is not possible. (*State Dept. of Public Health, supra,* 60 Cal.4th at p. 960;

---

[7] Tan also argues cursorily in the conclusion of his informal reply that "if there were ambiguity on the issue of the inclusion of DUIs in section 1001.95, the rule of lenity . . . requires the ambiguity to be resolved in the Petitioner's favor." We need not consider this claim raised for the first time on reply without any discussion, legal analysis, or citation to pertinent authority. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [appellate court will not consider points raised for first time on reply]; *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817 [points asserted without legal analysis will be forfeited].) In any event, we would reject the argument because the rule of lenity applies " ' "only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule." ' " (*People v. Manzo* (2012) 53 Cal.4th 880, 889, italics added by *Manzo*.) "In other words, 'the rule of lenity is a tie-breaking principle, of relevance when " 'two reasonable interpretations of the same provision stand in relative equipoise.' " ' " (*Ibid.*) Here, in light of the express prohibition on diversion in DUI cases in Vehicle Code section 23640, we conclude the more reasonable interpretation is that diversion is not available for misdemeanor DUIs under section 1001.95.

*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 805 [rule supporting harmonization of statutes where possible applies even though one of the statutes deals generally with a subject and another applies specifically]; *People v. Wheeler* (1992) 4 Cal.4th 284, 293 ["The principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled."]; *People v. Price* (1991) 1 Cal.4th 324, 385 [if court can reasonably harmonize two statutes dealing with the same subject, it must give "concurrent effect" to both].)

In any event, we agree with the thoughtful analysis of the *Grassi* court that these general canons of statutory construction are of little assistance in resolving the question posed here. The rule that more specific provisions prevail over more general ones is unhelpful because "depending on one's arbitrary choice of focus, either [statute] could be construed as the more specific." (*Grassi, supra*, 73 Cal.App.5th at pp. 306–307.) And while generally later enacted statutes prevail over earlier enacted statutes, in this case application of that principle conflicts with the command that we are to construe statutes together where possible and avoid implied repeals of existing law. (*Id.* at p. 306.)

## F. *Superior Court Appellate Decisions*

As noted previously, prior to the *Grassi* opinion, no appellate court had decided the question at issue in this appeal, but two superior court appellate divisions published opinions reaching opposite conclusions. In *People v. Superior Court (Espeso), supra*, 67 Cal.App.5th Supp. 1 (*Espeso*), the Los Angeles County Superior Court Appellate Division determined that diversion is unavailable for defendants charged with misdemeanor DUI. The court reasoned, "[t]o the extent there is a tension between" Vehicle Code section 23640 and section 1001.95, they must be read together to give all of

15

their provisions effect and to avoid a repeal by implication of section 23640. (*Espeso*, at p. Supp. 6.) The court rejected Espeso's arguments that the legislative history revealed a clear intent to repeal or render inoperative section 23640.[8] (*Espeso*, at pp. Supp. 6–8.) Comparing the legislative *silence* as to the availability of misdemeanor diversion in DUI cases in section 1001.95 with the "crystal clear" *prohibition* of diversion in DUI cases found in Vehicle Code section 23640, the *Espeso* court concluded it could give effect to both statutes "by finding a person is eligible to be considered for a grant of diversion in all cases, *except* the ones specifically listed in section 1001.95, subdivision (e) . . . *and* driving under the influence cases as provided in Vehicle Code section 23640, subdivision (a)." (*Espeso*, at p. Supp. 9.)

In *People v. Superior Court (Diaz-Armstrong)* (2021) 67 Cal.App.5th Supp. 10 (*Diaz-Armstrong*), a majority of the Riverside County Superior Court Appellate Division held in consolidated writ proceedings that defendants charged with misdemeanor DUI are eligible for diversion. (*Id.* at p. Supp. 13.) The court reviewed in depth the "long and complex history surrounding judicial application of [Vehicle Code] section 23640 to preexisting and subsequently enacted diversion schemes," including laws establishing developmental disabilities diversion, military diversion, and, most recently, mental health diversion. (*Id.* at pp. Supp. 16–20.) Noting that none of the cases addressing other diversion statutes "is entirely congruent with ours," the court turned to an examination of the statutory text, canons of statutory construction, the history of the Legislature's other misdemeanor

---

[8] Most of the arguments raised by Espeso regarding the legislative history of section 1001.95 are similar to the arguments raised by Tan in this case and discussed in the previous section of this opinion. (*Espeso, supra,* 67 Cal.App.5th at pp. Supp. 6–8.)

16

diversion programs, the legislative history of section 1001.95, and the policy goals behind section 1001.95. (*Diaz-Armstrong*, at pp. Supp. 20–27.) Ultimately, the *Diaz-Armstrong* majority concluded that the Legislature's policy goals in section 1001.95 to "treat, restore, and rehabilitate" misdemeanor defendants rather than punish them, consistent with principles of statutory construction and the legislative history of section 1001.95, reflected legislative intent to make defendants charged with misdemeanor DUI eligible for diversion. (*Diaz-Armstrong*, at pp. Supp. 27–28.)

Judge Firetag filed a dissent, stating that, in his opinion, "the two code sections operate in harmony with each other rather than in conflict," and that he would hold misdemeanor DUI defendants are categorically ineligible for diversion "because Vehicle Code section 23640 expressly prohibits diversion and nothing in section 1001.95 provides otherwise." (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 28, fn. omitted (dis. opn. of Firetag, J.).) Judge Firetag highlighted the absence of textual support for the premise Vehicle Code section 23640 had been supplanted by section 1001.95, and relied on the case law interpreting other, similar diversion statutes to conclude that diversion is not available to defendants charged with misdemeanor DUI. (*Diaz-Armstrong*, at pp. Supp. 29–34 (dis. opn. of Firetag, J.).)

Though both of these superior court appellate division opinions offer thorough and well-reasoned analyses, we find the *Espeso* opinion and Judge Firetag's dissent in *Diaz-Armstrong* more persuasive for several reasons.

First, as we discussed previously, the best indicator of legislative intent is the words of the statutes themselves. While the silence in section 1001.95 regarding DUIs is ambiguous, the explicit prohibition on diversion in DUI cases in Vehicle Code section 23640 could not be clearer. (Veh. Code, § 23640, subd. (a) [court "shall neither suspend nor stay the proceedings" for

17

diversion "[i]n any case in which a person is charged with a violation of Section 23152 or 23153"]; *People v. Darnell* (1990) 224 Cal.App.3d 806, 810 ["The unambiguous intent" of Veh. Code, § 23640's predecessor statutes "is to prohibit pre- or postconviction stays or suspensions of proceedings" to allow DUI defendants to participate in diversion programs]; *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 30 (dis. opn. of Firetag, J.).) In the absence of a similarly clear expression of legislative intent to partially repeal or override that law, we defer to the "crystal clear" command in section 23640 that diversion is not available to DUI defendants. (*Espeso, supra,* 67 Cal.App.5th at p. Supp. 9.)

Second, the *Diaz-Armstrong* majority opinion relied on the fact that the Legislature had created two new misdemeanor diversion programs and one deferred entry of judgment program, all of which included express exclusions for DUIs, despite the existence of Vehicle Code section 23640. (§§ 1001.2, subd. (a), 1001.51, subd. (b), former § 1001.98, subd. (h)(3).) The court found the fact that the Legislature did not use similar exclusionary language in section 1001.95 significant, concluding that "we should understand as purposeful the Legislature's omission of language that it has employed in related statutes." (*Diaz-Armstrong, supra,* 67 Cal.App.5th at pp. Supp. 23–24.) But as discussed above, the failure to expressly exclude DUIs in section 1001.95 does not demonstrate an unambiguous intent to make misdemeanor diversion available to DUI defendants. (See, e.g., *Grassi, supra,* 73 Cal.App.5th at p. 305; *Tellez, supra,* 56 Cal.App.5th at p. 448 ["we need not read the ineligibility of DUI offenses into Penal Code section 1001.36—Vehicle Code section 23640 accomplishes that"]; *People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1579–1580 (*Weatherill*) [recognizing statutory diversion schemes enacted in 1982 expressly excluded DUIs,

18

explaining this served to "avoid the risk of implied repeal" of Veh. Code, former § 23202 and expressed the consistent intent of the Legislature to bar all diversion programs for DUI defendants].)  The *Diaz-Armstrong* majority also acknowledged the principle that courts must presume the Legislature was aware of preexisting legal authority and case law, but reasoned that principle was of little assistance where the decisional authority was not monolithic.  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 24.)  However, we must presume that the Legislature was aware not only of decisional authority, but the relevant statutes themselves, including Vehicle Code section 23640, and in the absence of clear evidence to the contrary, intended to enact a consistent body of rules.  (*People v. Superior Court (Zamudio)*, *supra*, 23 Cal.4th at p. 199.)

Third, the *Diaz-Armstrong* majority opinion relied heavily on the legislative history of section 1001.95, in particular, statements made by Assemblymember Cooper and Senator Melendez during floor debates suggesting that DUIs would be eligible for diversion.  The *Diaz-Armstrong* court reasoned that while generally we do not consider the motives or understanding of individual legislators, we can use them as evidence of legislative intent when they are comments made to subcommittees or the Legislative body as a whole.  (*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at pp. Supp. 25–26; see, e.g., *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 590; *McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1161, fn. 3.)  But even if we *may* consider them, we do not believe the statements made during the floor debates here are particularly illuminating.

In the Assembly on August 24, 2020, only the bill's author, Assemblymember Philip Ting, and Assemblymember Cooper spoke during the very brief discussion of Assembly Bill 3234 prior to its passage.  Cooper

19

stated he had "a question for the author," then asked, "So this removes all the misdemeanor stuff for the—correct?" Ting responded that "for the Judicial Diversion Program it removes the consideration of sex offenses and domestic violence offenses." Cooper then stated: "Okay. It's gotten better . . . . but still, you have *DUI with injury*, firearms offenses, carrying a concealed firearm, loaded firearm in public, bringing a deadly weapon to a state building. So while it's a better bill than it was, there are still some issues that I'm firmly opposed to it [*sic*]. And also, just another question for the author. The child pornography portion was taken out, is that correct?" (Italics added.) Ting indicated his "understanding" that it had been removed. After Cooper elaborated further about how important it was that child pornography offenses not be subject to diversion, Ting again confirmed his "understanding" that "[a]ll the sex offenses and the domestic violence offenses were all removed."

During the Senate debate of Assembly Bill 3234 on August 31, 2020, Senator Holly Mitchell introduced the bill as a "public safety trailer bill that includes two criminal justice reforms that reflect the Governor and the legislature's data and evidence-based proposals for reducing our state's 13 billion dollar prison budget, protecting public safety and achieving overall budgetary savings." She noted the bill "gives statewide judicial authority to offer optional misdemeanor diversion except for specified offenses," and changes the eligibility criteria for an elderly parole suitability hearing to reduce the number of vulnerable people in the prisons in light of the ongoing COVID-19 pandemic.

In the debate that followed, several senators spoke in opposition to Assembly Bill 3234. Senator Jim Nielsen expressed concern about "dangerous individuals who have done very severe crimes" being granted

20

early release from prison because of COVID. Senator Brian Dahle voiced similar concerns. Senator Cathleen Galgiani opposed the bill primarily because it allowed diversion for dissuading a witness or crime victim from testifying or reporting a crime. Senator Shannon Grove relayed several anecdotes regarding specific criminal incidents and stated her opposition to releasing prisoners to save the state money without considering the impact to their victims.

After Senator Grove, Senator Nancy Skinner spoke in defense of the bill: "What is in the bill before us is not a State mandate. It is an ability for a court, if a county approves it for a court, to be able to establish a misdemeanor diversion program. And even within that misdemeanor diversion there are a variety of crimes that have been excluded. So it does not allow for . . . sex offenses, domestic violence, a whole variety of—and of course I'm now referring to misdemeanors, so these would be misdemeanant sex offenses and misdemeanant domestic violence and stalking. But those are excluded. So this is purely optional for courts and counties if they so choose, and it is based on a very successful diversion program that has been operating in L.A. County for a number of years. That is first and foremost. That is the diversion program that is in this bill." Senator Skinner also spoke about the elderly parole suitability consideration provisions of the bill.

After Senator Skinner's remarks, Senator Melendez expressed her opposition to the bill, noting that it "allows a judge to provide unlimited diversion for any misdemeanor, with the exclusion of sex offenses, domestic violence and stalking. It does allow for diversion for those who commit child abuse, *who have a DUI*, hate crimes, bringing a firearm into a legislative office, assault, battery, identity theft, vehicular manslaughter, possessing a firearm upon or within public school, in, on the grounds, all eligible for a

21

diversion." (Italics added.) Melendez shared her view that the bill was "ridiculous" and "so inappropriate" and offered further comments on her opposition to the elderly parole program. Senator Andreas Borgeas offered further comments on the elderly parole program before debate concluded.

At the end of the floor debate, Senator Mitchell closed by "providing some . . . important clarifications." With respect to the misdemeanor diversion program, she noted the "bill allows judges to do what prosecutors already can. Prosecutors can extend diversion in any case, including felonies. Judges will only be able to do so for misdemeanors. The judge will require the defendant to complete the same terms and conditions that he or she would have been traditionally sentenced [*sic*]. Again, it excludes those convicted of sex offenses, D.V. and stalking. Again, it only applies to misdemeanors, not felony charges as has been mentioned in prior hearings."

Viewed in context, we are not convinced that the failure of the bill's author in the Assembly and sponsor in the Senate to respond to these lone italicized comments by Assemblymember Cooper and Senator Melendez, particularly when they were buried among a host of concerns about other crimes and aspects of the bill, reflects the Legislature's collective will that section 1001.95 would supersede Vehicle Code section 23640's express prohibition on diversion for DUIs. Rather, we find these isolated remarks from two individual legislators about their own understanding of the impact of the bill at best ambiguous. The failure to even mention section 23640 hardly evidences clear legislative intent that the new legislation would override its existing ban on diversion for DUIs.

Finally, in considering the policy objectives of the Legislature in passing section 1001.95, the *Diaz-Armstrong* majority emphasized the goal of the statute is to "treat, restore, and rehabilitate," rather than to punish.

22

(*Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 27.) But that was a general goal of the statute, and the Legislature obviously balanced that objective against other considerations when, for example, it specifically excluded certain offenses in subdivision (e) of section 1001.95.[9] Under the separation of powers doctrine, courts may not encroach on matters normally left to the Legislature, and we are mindful that the policy judgments underlying the establishment of eligibility criteria for diversion are for the Legislature to make. (See *Moore*, *supra*, 58 Cal.App.5th at p. 581 ["it is for the Legislature to strike the proper balance between protecting public safety and mitigating the entry and reentry into the criminal justice system of individuals with mental disorders"]; *California Teachers Assn v. Governing Board of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 ["It cannot be too often repeated that due respect for the political branches of our government requires us to interpret the laws in accordance with the expressed intention of the Legislature."].) We respect our constitutional role by not ignoring the express exclusions on eligibility for diversion established by the Legislature, including the express prohibition on diversion for DUI defendants in Vehicle Code section 23640.

In sum, we conclude, like the *Espeso* court and Judge Firetag's dissent in *Diaz-Armstrong*, that given the lack of discernible legislative intent to partially repeal the prohibition on diversion for DUI offenders, Vehicle Code

---

[9] The legislative history relied on by the *Diaz-Armstrong* court also suggests the Legislature may have had other policy goals beyond treatment and rehabilitation. (See *Diaz-Armstrong*, *supra*, 67 Cal.App.5th at p. Supp. 27 [referencing argument in support of bill discussing goals of promoting racial justice in our criminal legal system and decreasing taxpayer costs].)

section 23640 renders misdemeanor DUI defendants ineligible for diversion under section 1001.95.

## G. Other Diversion Programs

As the decisions interpreting section 1001.95 have recognized, the courts of this state have a long history of considering the interaction of Vehicle Code section 23640 and its predecessor (Veh. Code, former § 23202) with other diversion statutes. (See *Grassi, supra,* 73 Cal.App.5th at pp. 293–297; *Diaz-Armstrong, supra,* 67 Cal.App.5th at pp. Supp. 23–24; *id.* at pp. Supp. 32–33 (dis. opn. of Firetag, J.).) We now examine whether these decisions support our interpretation of section 1001.95.

More than 30 years ago, in *Weatherill, supra,* 215 Cal.App.3d 1569, the majority concluded the diversion scheme for misdemeanor defendants with developmental disabilities under section 1001.20 et seq. did not apply to DUI defendants. The court reasoned that the unambiguous language of Vehicle Code former sections 23202 and 23206 meant that "*all* driving-under-the-influence defendants, without exception, shall have their guilt or innocence determined without delay and without diversion." (*Weatherill,* at p. 1573.) The majority then analyzed the legislative history of Assembly Bill No. 541 (1981–1982 Reg. Sess.) (which added former §§ 23202 & 23206 to the Vehicle Code) and the canons of statutory interpretation, concluding they supported the court's holding. (*Weatherill,* at pp. 1574–1579.) In dissent, Justice Johnson wrote the case was "extraordinarily close" and "the majority . . . presented a well-reasoned argument in support of its resolution of the conflict between these two statutes," but he nonetheless felt compelled to "explain the opposite view." (*Id.* at pp. 1580–1581 (dis. opn. of Johnson, J.).) Analyzing the same legislative history and canons of statutory construction, Johnson determined the statutes were not in "irreconcilable conflict" and could be

24

reconciled by applying section 1001.20 to developmentally disabled defendants accused of drunk driving and Vehicle Code former section 23202 to all other defendants accused of drunk driving. (*Weatherill*, at pp. 1583–1588 (dis. opn. of Johnson, J.).)

More recently our courts considered whether DUI defendants were eligible for diversion under section 1001.80, the diversion program for members of the military and veterans. In *People v. VanVleck* (2016) 2 Cal.App.5th 355, review granted Nov. 16, 2016, S237219, the court relied on *Weatherill*, the presumption that the Legislature was aware of the existence of Vehicle Code section 23640, and the canon that specific statutes prevail over general statutes to conclude that DUI defendants were not eligible for military diversion. (*VanVleck*, at pp. 363–367.) The court in *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275, 1278–1279, review granted Nov. 16, 2016, S237734, disagreed, noting the canon of construction that specific statutes prevail over general statutes could be applied either way, and that the canon that later enacted statutes prevail over earlier ones and the legislative history pointed to allowing diversion for military DUI defendants. (*Hopkins*, at pp. 1283–1288.) Although the Supreme Court granted review in both cases, the Legislature amended section 1001.80 to allow military diversion for misdemeanor DUI offenses before the Supreme Court could decide the issue. (§ 1001.80, subd. (*l*), added by Stats. 2017, ch. 179, § 1; *Hopkins*, review dism. as moot, Oct. 18, 2017, S237734; *VanVleck*, review dism. as moot, Nov. 15, 2017, S237219.)

Finally, most recently, the *Tellez*, *supra*, 56 Cal.App.5th 439 and *Moore*, *supra*, 58 Cal.App.5th 561 opinions considered whether section 1001.36, the mental health diversion statute, excluded DUI defendants. In *Tellez*, the court relied on the legislative history of

25

sections 1001.36 and 1001.80 to conclude the Legislature did not intend DUI defendants would be eligible for mental health diversion. (*Tellez*, at pp. 447–448.) The *Moore* court agreed with the *Tellez* court's analysis, and further explained how the canons of statutory construction supported that holding. (*Moore*, at pp. 568, 579–580.)

As a review of these decisions illustrates, the other diversion programs and their legislative histories are all marked by significant differences from section 1001.95. In *Weatherill*, for example, the court relied in part on the fact that Vehicle Code former section 23202 was more recent than section 1001.21, and therefore reflected the Legislature's more recent judgment. (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1578.) The reverse is true here because Vehicle Code section 23640 is the earlier enacted statute. In the military diversion context, the Courts of Appeal were split on the correct interpretation of section 1001.80, but the Legislature resolved the issue by amending the statute to allow diversion for misdemeanor DUIs for members of the military. Finally, in *Moore* and *Tellez*, the courts relied in part on the fact that section 1001.36 was enacted during the same legislative session as the amendment of the military diversion statute, section 1001.80. The failure of the Legislature to expressly overrule Vehicle Code section 23640, when it was clearly aware of the issue after having amended the military diversion statute in the same session, was a strong indicator it intended to give section 23640 continued effect. (*Tellez*, *supra*, 56 Cal.App.5th at p. 448; *Moore*, *supra*, 58 Cal.App.5th at p. 579.) Because each of these courts relied at least in part on facts that distinguish their diversion schemes from section 1001.95, their direct application to section 1001.95 misdemeanor diversion is inconclusive at best.

Tan nonetheless argues we should look to *Tellez* because that court turned to the legislative history to determine whether section 1001.36 and Vehicle Code section 23640 conflict and which one prevailed. But section 1001.36 has a very different legislative history than section 1001.95, and we have already addressed why the scant legislative history of Assembly Bill 3234 is unhelpful in resolving the question at issue here.

Tan also points to the language in *Tellez* suggesting that diversion is likely available to misdemeanor DUI defendants under section 1001.95. (See *Tellez, supra*, 56 Cal.App.5th at pp. 449–450.) The *Tellez* court noted that, in 1982, the Legislature enacted two misdemeanor diversion statutes that expressly excluded DUI offenses from eligibility and "[i]n view of that history, the Legislature's failure to expressly exclude DUI offenses this time around is a good indicator that it intended DUI offenses to be eligible for the new misdemeanor program." (*Id.* at p. 450.) But whether misdemeanor diversion is available to DUI defendants under section 1001.95 was not before the court in *Tellez*, and its statement is dictum. (*Tellez*, at p. 449 ["We do not believe it is clear whether DUI offenses are eligible for the new misdemeanor diversion program, and we need not decide the issue."].) In any event, as we have already explained, we are unconvinced the failure to use the same exclusionary language employed in other diversion statutes reflects legislative intent to allow diversion for a group of offenders expressly prohibited from qualification under Vehicle Code section 23640.

## H. *Tan's Other Claims*

As noted above, Tan also argues the trial court erred by failing to exercise its discretion and that the San Mateo County Superior Court adopted its policy of denying diversion to DUI defendants in violation of his due process rights, state law, and the California Rules of Court. Because we

have determined that the court has no discretion to offer diversion to misdemeanor DUI defendants, we need not address these arguments.

## I. *Conclusion*

After a careful study of the issue, we conclude section 1001.95 and Vehicle Code section 23640 can be harmonized and read together so that section 1001.95 allows a judge to grant misdemeanor diversion in his or her discretion except when a defendant has been charged with a DUI or one of the offenses listed in section 1001.95, subdivision (e). As we have discussed above, however, we also recognize that the scant legislative history was particularly ambiguous in this case and of little assistance in divining the will of the Legislature.

"It is axiomatic that in assessing the import of a statute, we must concern ourselves with the Legislature's purpose at the time of the enactment." (*In re Pedro T.* (1994) 8 Cal.4th 1041, 1048.) We acknowledge the Legislature has taken up several bills aimed at clarifying whether misdemeanor diversion is available to those charged with DUIs.[10] We join the *Grassi* court in urging the Legislature to clarify its intent with respect to

---

[10] Assembly Bill No. 282 (2021–2022 Reg. Sess.) made DUIs exempt from misdemeanor diversion under section 1001.95. The bill passed in the Assembly. The Senate Public Safety Committee voted against the bill in July 2021, but granted reconsideration. Senate Bill No. 421 (2021–2022 Reg. Sess.) made misdemeanor DUIs eligible under certain conditions. Two Senate committees approved this bill in April and May 2021, but no further action was taken and the bill died. Senate Bill No. 783 (2021–2022 Reg. Sess.) declared express legislative intent to promote racial equity and reduce recidivism by making misdemeanor DUIs eligible for diversion under certain conditions. The bill was amended in the Senate and referred to the Senate Rules Committee in September 2021, but again no further action was taken and the bill died. Thus far, section 1001.95 has not been amended.

the availability of diversion for misdemeanor DUI defendants under section 1001.95.

### III.  DISPOSITION

The petition for writ of mandate is denied.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A163715
*Tan v. Superior Court*

Trial Court:       Superior Court of San Mateo County

Trial Judge:      Donald J. Ayoob, Judge

Counsel:

Douglas I. Horngrad and Sam O'Keefe for Petitioner.

Stephen M. Wagstaffe, San Mateo County District Attorney, Sean F. Gallagher, Chief Deputy District Attorney, Rebecca L. Baum, Shin-Mee Chang, Morris Maya and Ryan S. Geisser, Deputy District Attorneys for Respondent.

No appearance for Real Party in Interest.